Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Hand-Delivered

FILED
CHARLOTTE, NC
JAN 17 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

_____ Division

Sui Juris DWAYNE L. JONES )
)
) Case No. 5:25-cv-12-KDB
) *(to be filled in by the Clerk's Office)*
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* ) Jury Trial: *(check one)* ✔ Yes ☐ No
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
Chairman (Bert Connolly) of the Iredell County Board )
of County Commissioners )
)
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

## COMPLAINT FOR A CIVIL CASE

**I.    The Parties to This Complaint**

   **A.   The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | DWAYNE L. JONES |
   | Street Address | 11104 Bryton Parkway Apt 5309 |
   | City and County | Huntersville, Mecklenburg |
   | State and Zip Code | North Carolina 28078 |
   | Telephone Number | 704-657-5046 |
   | E-mail Address | dwayne8484@gmail.com |

   **B.   The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Bert Connolly
- Job or Title *(if known)*: Chairman of the Iredell County Board of County Commissioners
- Street Address: 200 S Center Street Room 101 P.O. Box 788
- City and County: Statesville, Iredell County
- State and Zip Code: North Carolina, 28677
- Telephone Number: 704-902-2647
- E-mail Address *(if known)*: Bert.connolly@iredellcountync.gov

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 U.S. Code § 1983 - Civil action for deprivation of rights 1st 4th, 5th, 7th, 8th, 9th, 13th, & 14th Amendment Privacy Act of 1974 Section 7(b) 18 U.S. Code § 505 - Seals of courts; signatures of judges or court officers 28 U.S. Code § 1691 - Seal and teste of process 31 U.S. Code § 3720D - Garnishment, 42 U.S. Code § 666(7) Reporting arrearages to credit bureaus.— (A)(B)(i)(i)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* DWAYNE L. JONES, is a citizen of the State of *(name)* North Carolina.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* BERT CONNOLLY, is a citizen of the State of *(name)* North Carolina. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Negligence Of 42 U.S. Code § 1983 - Civil action for deprivation of rights under color of law of my 1st, 4th, 5th, 7th, 8th, 9th, 13th, & 14th Amendment. Unlawfully 18 U.S.C. § 1201 Kidnapping me, and 25 CFR § 11.417 - Extortion, turning me into 18 U.S. Code § 1581 - Peonage; obstructing enforcement, also 18 U.S. Code § 1593A - Benefitting financially from peonage, slavery, and trafficking in persons.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Count I: Defendant Bret Connolly, acting "under color of law," deprived Plaintiff Dwayne L. Jones of rights secured by the Constitution and federal law, including the First, Fourth, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Count II: Violation of Federal Statutes Defendant's Carla West actions violated the following federal statutes: - 18 U.S.C. § 505- Seals of courts; signatures of judges or court officers, 28 U.S.C. § 1691 - Seal and teste of process, 31 U.S.C. § 3720D- Garnishment, 42 U.S.C. § 666 (7) Reporting arrearages to credit bureaus.— (A)(B), 18 U.S.C. § 1201- Kidnapping, 25 CFR § 11.417 - Extortion

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Declare that Defendant Bret Connolly violated Plaintiff's Dwayne L. Jones constitutional rights and federal law. 2. Award Plaintiff Dwayne L. Jones compensatory damages for emotional distress, financial harm, and other injuries sustained. 3. Award punitive damages to deter similar future conduct. 4. Issue injunctive relief requiring Defendant Carla West to reform enforcement practices to comply with constitutional and statutory requirements. 5. Grant such other relief as the Court deems just and proper.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 01/17/2025

Signature of Plaintiff

Printed Name of Plaintiff: Sui Juris DWAYNE L. JONES

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Plaintiff name(s), Sui Juris **DWAYNE L. JONES**, | Case No.: No. **5:25-cv-12-KDB** |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | 42 U.S. Code § 1983 - Civil action for deprivation of rights "Under color of law" |
| Defendant name(s), **IREDELL COUNTY** on behalf of **JESSICA C. JACKSON**, | **FOR PRELIMINARY INJUNCTION AND REQUEST FOR RELIEF** |
| Defendant | |

## CIVIL COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983

**COMPLAINT**

Plaintiff, **Dwayne L. Jones**, brings this civil action against Defendant, **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners, IREDELL COUNTY on behalf of JESSICA C. JACKSON** of Child Support Enforcement, in their official capacity, for violations of constitutional rights and federal statutes, and alleges as follows:

**I. JURISDICTION AND VENUE**

This Court has jurisdiction under the Civil Rights Act, **42 U.S.C. § 1983**, and its jurisdictional counterpart, **28 U.S.C. § 1343(3)**, as well as under Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e et seq.**. In **Monell v. Dept. of Soc. Serv. of City of N.Y.**, 532 F.2d 259, 260 (2d Cir. 1976), the court affirmed the applicability of Section 1983 to actions against individuals acting under color of state law for violations of federal law and constitutional rights. Further, the United States Supreme Court in **Maine v. Thiboutot**, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), confirmed that Section 1983 authorizes suits for violations of both statutory and constitutional rights.

Pursuant to **28 U.S.C. § 1331**, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Additionally, under **42 U.S.C. § 660**, the district courts are granted jurisdiction, without regard to the amount in controversy, to hear and determine any civil action brought under Section 452(a)(8) of the Social Security Act, as enacted by **P.L. 93-647** (Title IV-D). Such actions may be initiated in any judicial district where the claim arose, the plaintiff resides, or the defendant resides. **Page 1 of 6**

Venue is proper in the United States District Court for the Western District of North Carolina pursuant to **28 U.S.C. § 1391(b)(1)**, as the defendant resides in this district and the underlying events occurred here. Additionally, under the local rules of this district, civil actions must be filed in the division where the cause of action arose. Since the events giving rise to this case occurred within the Western District of North Carolina, venue is proper in this Court.

## II. PARTIES

4. Plaintiff, **Dwayne L. Jones**, is a private citizen residing in North Carolina and asserting his rights under the Constitution and federal law.
5. Defendant, **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, is PURSUANT TO **N.C.G.S § 110-141** of Child Support Enforcement for North Carolina, acting "under color of law" in his official duties.

## III. FACTUAL ALLEGATIONS

6. Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, acting **"under color of law,"** willfully and unlawfully deprived Plaintiff **Dwayne L. Jones** of rights secured by the United States Constitution and federal statutes, specifically through his oversight of child support enforcement practices that were unjust, excessive, and unconstitutional.
7. Plaintiff **Dwayne L. Jones** was subjected to unlawful garnishment of wages, denial of due process, and coercive measures in child support enforcement that disregarded federal and constitutional protections.
8. The Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** failed to adhere to statutory requirements under **42 U.S.C. § 666**, resulting in improper enforcement actions, including:
    - Invalid court documents lacking proper seals and signatures in violation of **18 U.S.C. § 505** and **28 U.S.C. § 1691**.
    - Unreasonable garnishment proceedings violating **31 U.S.C. § 3720D**.
    - Coercive practices amounting to extortion under **25 CFR § 11.417 - Extortion**.
9. Defendant's **Bert Connolly** actions and omissions resulted in violations of the following constitutional rights:

- **First Amendment: Compel to association in violation** Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, acting under color of law, obstructed Plaintiff's right to <u>not compel with or associate with</u> **The IV-D program,** by defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, the IV-D Agency Operating (IN) this state as a separate alone detached entity which requires written consent for participation. Plaintiff has not signed any documentation consenting to participate in this voluntary program, making enforcement actions unauthorized. This action contravenes by premeditation **Page 2 of 6**

and in full compliance with the business plan **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** acted under color of law from within the executive branch in collusion with the judicial branch to deprive me of my **1st Amendment** right to not assemble and associate expressive or intimate with the business for profit **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** under the Federal Personal Responsibility Work Opportunity Reconciliation Act P.L. 104-193 (1996) described in detail the step by step actions that were to be taken in order to compel my involuntary participation in the IV-D program by U.S. mail with threatening to arrest me, and or suspension of my driver's license for failure to assemble and associate there with by threat, HE coerced me to participate in the IV-D program resulting in for the loss of my inherent and inalienable rights to not associate with the business profit expressive or intimate resulting in my enslavement which HE assured by premeditation of and in full compliance with the business plan. This force compelled assembly and association resulted in me being subjected to the deprivation of my inherent rights to be equally free and independent.

**Fourth Amendment: Unreasonable Searches and Seizures of Property**
Defendant **Adam C. Hilton** facilitated unreasonable searches and seizures through quasi-judicial processes that circumvent traditional judicial oversight. The IV-D administrative system, as structured under **45 CFR § 302.34**, improperly leverages cooperative arrangements with law enforcement to seize property without judicial authorization. See **Camara v. Municipal Court**, 387 U.S. 523 (1967), which emphasizes that unreasonable seizures without proper judicial process are unconstitutional.

**Fifth Amendment: Deprivation of Property and Liberty Without Due Process of Law** Plaintiff **Dwayne L. Jones** was deprived of property and liberty through the IV-D agency's administrative orders, bypassing proper judicial proceedings. The lack of compliance with **45 CFR § 302.70**—requiring procedural safeguards for paternity acknowledgment—see **Goldberg v. Kelly**, 397 U.S. 254 (1970), which mandates due process protections before deprivation of property.

**Seventh Amendment: Denial of Right to Jury Trial**
The executive administrative quasi-jurisdiction proceedings deny Plaintiff **Dwayne L. Jones** the constitutional right to a jury trial in civil cases exceeding the monetary threshold of twenty dollars. See **Beacon Theatres, Inc. v. Westover**, 359 U.S. 500 (1959), which upholds the right to jury trials in civil disputes. See **SEC v. Jarkesy**, 603 U.S. ___ (2024).

**Eighth Amendment: Excessive Fines and Cruel and Unusual Punishment**
Plaintiff **Dwayne L. Jones** was subjected to excessive fines and coercive measures, including a $6,100.96 payment to secure release from detention.   **Page 3 of 6**

[Pleading title summary] - 3

This punitive action lacks judicial oversight, violating **Timbs v. Indiana,** 586 U.S. ___ (2019), which confirms the prohibition of excessive fines under the Eighth Amendment.

**Ninth Amendment: Violation of Unenumerated Rights**
The IV-D agency's actions infringe upon Plaintiff's **Dwayne L. Jones** fundamental rights to familial association and autonomy. Defendant's **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** enforcement of a voluntary program without consent see **Griswold v. Connecticut,** 381 U.S. 479 (1965), which recognizes unenumerated rights protected under the Ninth Amendment.

**Thirteenth Amendment: Imposition of Involuntary Servitude**
Defendant's **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** enforcement actions subjected Plaintiff **Dwayne L. Jones** to involuntary servitude by compelling labor under threat of arrest **28 U.S. Code § 2007 - Imprisonment for debt** for nonpayment. Such actions contravene **Bailey v. Alabama,** 219 U.S. 219 (1911), which prohibits coercion into labor as repayment for debt.

**Short Statement for Thirteenth Amendment: Imposition of Involuntary Servitude**
Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, acting in his official capacity as the IV-D Agency Title IV-D State Plan, violated Plaintiff **Dwayne L. Jones's** Thirteenth Amendment rights. By enforcing involuntary servitude through purchase services providers **45 CFR § 302.34 - Cooperative arrangements** coercive garnishment and imprisonment tied to debt repayment, without proper due process, consent, or valid contract, these actions constitute peonage as defined under **42 U.S.C. § 1994** and established in **Bailey v. Alabama,** 219 U.S. 219 (1911).

Plaintiff was forced into labor under threat of imprisonment to satisfy an alleged debt. This unlawful coercion directly benefited the State and **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, who conspired under **18 U.S. Code § 241** to deprive Plaintiff of his constitutional rights. By financially profiting from this system through Title IV-D federal incentives, as outlined under **18 U.S. Code § 1593A**, pursuant to **45 CFR 304.12 Incentive payments** the State Actors and the IV-D agency acted with malice and reckless disregard for plaintiff's **Dwayne L. Jones's inherent, inalienable, indefeasible rights protected by the constitution, including those against involuntary servitude and slavery.**

The partnership between Iredell County Department of Social Services, the Iredell County Board of County Commissioners, and the North Carolina Department of Health & Human Services operates as a joint business venture with active D-U-N-S registrations. This partnership perpetuates a system of profit-driven enforcement that

unlawfully exploits individuals under the guise of public service, constituting modern-day peonage and involuntary servitude prohibited by the Thirteenth Amendment.

**Fourteenth Amendment: Denial of Equal Protection and Due Process**
Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** failed to afford Plaintiff **Dwayne L. Jones** equal protection under the law, as the IV-D program did not adhere to its own policies, see **Bush v. Gore**, 531 U.S. 98 (2000), which underscores the importance of equal protection under the law. The administrative process further deprived Plaintiff **Dwayne L. Jones** of due process rights as see **Mathews v. Eldridge**, 424 U.S. 319 (1976).

## IV. LEGAL CLAIMS

**Count I: Violation of 42 U.S.C. § 1983**
10. Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners**, acting "under color of law," deprived Plaintiff **Dwayne L. Jones** of rights secured by the Constitution and federal law, including the First, Fourth, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments.

**Count II: Violation of Federal Statutes**
11. Defendant's **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** actions violated the following federal statutes:
- **18 U.S.C. § 505**: Improper use of seals and court signatures.
- **28 U.S.C. § 1691**: Failure to ensure valid process seals and signatures.
- **31 U.S.C. § 3720D**: Unlawful garnishment procedures.
- **42 U.S.C. § 666**: Failure to meet statutory requirements for child support enforcement.
- **18 U.S.C. § 1201**: Conduct amounting to unlawful coercion and deprivation of liberty.
- **25 CFR § 11.417 - Extortion**: Coercive measures constituting extortion.

## V. PRAYER FOR RELIEF NEGLIGENCE OF AMENDMENT'S BILL OF RIGHTS.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** violated Plaintiff's **Dwayne L. Jones** constitutional rights and federal law.
2. Award Plaintiff **Dwayne L. Jones** compensatory damages for emotional distress, financial harm, and other injuries sustained.
3. Award punitive damages to deter similar future conduct.
4. Issue injunctive relief requiring Defendant **Chairman (Bert Connolly) of the Iredell County Board of County Commissioners** to reform enforcement practices to comply with constitutional and statutory requirements.
5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Dwayne L. Jones (Sui Juris)
X: *Dwayne L Jones*

[11104 Bryton Parkway Apt 5309 Huntersville NC 28078]
[704-657-5046]
[dwayne8484@gmail.com]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served on all Defendants **Bert Connolly** at his place of business 200 S Center Street Room 101 P.O. Box 788 Statesville, NC 28677 in accordance with applicable rules of procedure.

Dated: January 17th 2025

Dwayne L. Jones (Sui Juris)
X: *Dwayne L Jones*

## ACKNOWLEDGMENT OF NOTARY PUBLIC

**State of North Carolina**

**County of Mecklenburg**

**DWAYNE LA'TRACE JONES**
*Dwayne La Trace Jones*

**WITNESS MY OATH AND SIGNATURE UCC-1-308 reservation of rights & "without prejudice" AND (OFFICIAL SEAL.)**

17th Day of January 2025 before me the undersigned, a Notary Public in and for Mecklenburg County, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that he has executed the same.

Notary Public *Viktoriya Partikevich*
Official Signature of Notary

My commission expires: AUGUST 9TH 2027

(Official Seal)

VIKTORIYA PARTIKEVICH
Notary Public - North Carolina
Cabarrus County
My Commission Expires Aug 9, 2027

Page 6 of 6