IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00012-KDB-SCR

| | |
|---|---|
| DWAYNE L. JONES,<br><br>**Plaintiff,**<br><br>v.<br><br>BERT CONNOLLY, IREDELL COUNTY COMMISSIONER,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motions to Proceed in forma pauperis (Doc. No. 2) (including initial review of Plaintiff's Complaint), for Preliminary Injunction (Doc. No. 3), and to direct the U.S. Marshals Service to serve the summons and complaint (Doc. No. 4); and the Court has carefully considered these motions. For the reasons discussed below, the Court will **GRANT** the motion to proceed in forma pauperis but **DISMISS** the Complaint. Having ordered the Complaint dismissed, the Court will **DENY** as moot the motions for preliminary injunction and to direct the Marshals Service to serve the summons and complaint.

## I. BACKGROUND

On February 12, 2021, Plaintiff was ordered to pay child support by a North Carolina District Court Judge in Iredell County. Doc. Nos. 1-4 at 33, 35-37; 1-3 at 4. After being found in arrears, Plaintiff was arrested and held until he posted a bond to bring his child support current. Doc. Nos. 1-3 at 10; 1-4 at 77, 79-80. As a result of these events and others related to his paternal obligations, Plaintiff filed suit against Defendant Bert Connolly, in his official capacity as an Iredell County Commissioner, seeking $1 million in damages. Doc. No. 1-1 at 1. There are,

1

however, no factual allegations that Mr. Connolly personally participated in the legal events related to Plaintiff's child support.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks to pursue this action without paying the required fees. Plaintiff's in forma pauperis application shows that he has no current income and has not had income for the last twelve months. Doc. No. 2 at 1. However, he also reports working at Daimler Freightliner from August 2021 to October 2023, earning $20 in monthly pay, and working at Dillard's from August 2023 to July 2024 again earning $20 in monthly pay. *Id.* at 2. He reports having approximately $79 combined in his two checking accounts. *Id.* He has a 2005 Suzuki XL7 and estimates its value at $2. *Id.* at 3. He reports four children ranging in age from four to fifteen, who rely on him for support. *Id.* He leaves the rent or mortgage payment field blank, but alleges monthly expenses including utilities at $800, food at $200, clothing at $200, laundry expenses at $100, and transportation at $200. *Id.* at 4. He reports paying $25 monthly for homeowner's or rental insurance and $50 in vehicle insurance. *Id.*

Despite a responsibility to pay child support for at least one of his children (which goes to the heart of his allegations), he reports not paying any monthly. *Id.* He also expects that his monthly income or expenses are likely to change in the next 12 months but does not provide any details as to why or by how much. *Id.* at 5. Further, despite this action being filed pro se, he alleges that he will be paying $2,000 in attorney fees. *Id.*

While the absence of details regarding anticipated changes to income, rent or mortgage payments, and his conflicting reports as to child support and attorney fees raise concerns about the completeness of Plaintiff's application, based on Plaintiff's lack of income and assets the Court is

satisfied that he does not have sufficient funds to pay the filing fee. The Court will, therefore, grant the application and permit Plaintiff to proceed in forma pauperis.

## III. LEGAL STANDARD

Where a litigant is proceeding in forma pauperis, the Court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its "frivolity review," this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff alleges that Defendant, acting in his official capacity, violated Plaintiff's First, Fourth, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights under the "Constitution and federal law." Doc. No. 1 at 4, 6. In addition, he alleges that he was kidnapped in violation of 18 U.S.C. § 1201; extorted in violation of 25 C.F.R. § 11.417, which "turned me into . . . peonage" in violation of 18 U.S.C. § 1851; and that Defendant benefitted from his peonage in violation of 18 U.S.C. § 1593A. *Id.* at 4. He further asserts that another "Defendant" Carla West, who is not a party to this case, violated several federal statutes. *Id.*

Plaintiff's claims do not survive the Court's initial review for two reasons. First, Plaintiff's constitutional challenges to the decisions of the North Carolina Court related to Plaintiff's child

3

support are barred from review in this Court by the *Rooker–Feldman* doctrine. The *Rooker-Feldman* doctrine is applicable both to claims at issue in a state court order and to claims that are "inextricably intertwined" with such an order. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker–Feldman* thus bars such losing parties "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil*, 544 U.S. at 287. Only the United States Supreme Court is empowered to "reverse or modify" a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

This case falls squarely within the narrow contours of the *Rooker-Feldman* doctrine, namely "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The relief sought here[1] clearly requires this Court to revisit the merits of the state court's rulings. *See Richardson v. N.C. Dept. of Health & Human Servs.*, No. 5:12–CV–180–D. 2012 WL 4426303, at *1 (E.D.N.C. June 29, 2012) *report and recommendation adopted*, 2012 WL 4426059 (E.D.N.C. Sept. 24, 2012) (holding that *Rooker-Feldman* applied to a claim challenging a child support order on the grounds of violation of due process); *Dingle v. Armstrong*, No. CV 2:23-04141-BHH-MHC, 2024 WL 4164737, at *4-5 (D.S.C. June 6, 2024), *report and recommendation adopted,* No. CV 2:23-4141-BHH, 2024 WL 3982833 (D.S.C. Aug. 29, 2024) (applying *Rooker-Feldman* and dismissing case, noting that Plaintiff's seeking of an injunction to

---

[1] Specifically, Plaintiff seeks an injunction to "enjoin Iredell County . . . from enforcing IV-D [Child Support] orders, garnishments, or penalties against [him]" and for the Court to order an "immediate cessation of all wage garnishments, liens, or penalties against Plaintiff as well as return all money taken" from him to fund child support payments for his minor child. Doc. No. 3 at 1-2. In short, he is asking the Court to modify his existing child support order.

prevent wage garnishment for child support was essentially "an attempt to appeal the results [of the state court]").

If Plaintiff is of the opinion that the state court erred in its determination of paternity and child support payments—leading to the attempts to collect the ordered child support—he should have appealed those decisions within the North Carolina courts.

Second, even if the Court weren't barred from hearing the case in deference to the state court, after accepting Plaintiff's allegations as true, and making all reasonable inferences in his favor, the Court finds that Plaintiff has asserted legally frivolous claims against Defendant. Again, Plaintiff has not alleged any facts that support his allegation that the Defendant County Commissioner played any role in his child support disputes. Still, Plaintiff attempts a broadside attack on Defendant with numerous allegations of constitutional violations, which are wholly conclusory. Simply stating that a constitutional right has been violated, without more, does not make it so. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

Accordingly, the Court will grant the motion to proceed in forma pauperis, dismiss the Complaint, and deny as moot the motions for preliminary injunction and to direct the Marshals Service to serve the summons and complaint.

## V. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice;

3. Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) is **DENIED** as moot;

4. Plaintiff's Motion to direct the U.S. Marshals Service to serve the summons and complaint (Doc. No. 4) is **DENIED** as moot; and

5. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 4, 2025

Kenneth D. Bell
United States District Judge